STANDARD OIL CO. v. BELL et al.

(Circuit Court of Appeals, Fifth Circuit. June 16, 1897.)

No. 598.

APPEAL AND ERROR—MOTION TO DISMISS AND AFFIRM.
Where the determination of a motion to dismiss a writ of error and affirm the judgment below involves the examination of a voluminous record, it will not be considered in advance of the regular call.

In Error to the Circuit Court of the United States for the Southern District of Florida.

On motion to dismiss the writ of error and affirm the judgment of the circuit court.

J. C. Cooper, W. W. Howe, W. B. Spencer, and C. P. Cocke, for plaintiff in error.

H. Bisbee, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. This is an action of ejectment, tried in the circuit court without a jury, and brought here for review on a transcript of 307 printed pages, with 12 assignments of error. Counsel for defendants in error have submitted the following motion, to wit:

"Come now the defendants in error, by H. Bisbee, their attorney, and move to dismiss the writ of error in the above-entitled cause upon the following grounds: First, because no exceptions were taken to any rulings or decisions of the court below in such manner and form as to entitle the plaintiff in error to any review thereof in this court. Second, because no exceptions were taken to the rulings and decisions of the court below upon which the assignments of error can be based. And defendants in error further move for the judgment of this court affirming the judgment of the court below on the ground that it is manifest that a writ of error was taken for delay only; second, on the ground that the objection to the jurisdiction of the court below is too frivolous to need argument."

The record plainly shows that, of the 12 assignments of error, at least half present rulings of the trial judge not reviewable on writ of error. The others, however, assign error as to the ruling of the court on the question of jurisdiction, and as to the rejection of evidence on the trial of the case, based upon exceptions duly taken, and in rulings on other questions, all proper subjects for review on writ of error. It is therefore clear that the writ of error cannot be dismissed for any of the reasons assigned in the motion. To pass upon the motion to affirm requires a careful examination of the entire record, which the court is indisposed to make in advance of the regular call, and without opportunity to the plaintiff in error to present argument on the points involved. The motion to dismiss and affirm is therefore denied.